# Hobensack *versus* Hallman.

1. A married woman gave to her husband a sum of money, with authority to keep it till a suit pending was determined. The husband loaned the money away, and his agent subsequently collected it and paid it to the husband who receipted for it. In a suit by the wife after the death of her husband against the agent, for the recovery of the money so received, the receipt of the husband is evidence; it was binding on the wife, and was a discharge to the agent.

2. The agent was bound to pay the money to his principal, and was under no obligation to pay it to the wife of the principal from whom the latter had received it.

3. When the facts averred in the *narr.*, if admitted, would not entitle the plaintiff to judgment, the defendant should demur. If, however, he denies their truth, and takes issue on them, he cannot object to the evidence in support of the facts alleged in the *narr.*

ERROR to the Common Pleas of Montgomery county.

This was an action by Ann Hallman against John Hobensack, to recover money which had been received by the defendant, under the following circumstances:—

Henry Hallman married Ann his wife, the plaintiff below, May 21st, 1841. She was then tenant of one McAdams. By a marriage contract, in which her brothers, W. H. and F. S. Sheetz, were trustees, her separate property was secured to her. In April, 1842, Hallman and wife left the premises. McAdams

[Hobensack *v.* Hallman.]

claimed $250 rent. Mrs. Hallman gave her husband $250 of her own funds to pay the rent. Hallman agreed with her, to resist the payment, to keep the $250 for her use, to be repaid her if he should gain the suit, and to pay whatever more McAdams might recover out of his own funds. McAdams seized their goods, after they had been removed from the premises. Hallman issued a replevin, gave bond, and the goods were returned to him. The replevin was tried, and the jury, under direction of the court, refused to find either for plaintiff or defendant. McAdams then sued Hallman and wife for the $250 rent, which suit is still pending. In October, 1842, Hallman offered to loan the $250 to W. H. and F. S. Sheets, telling them it was his wife's money, and the conditions on which he held it. They agreed to take it, and gave their note for the amount, payable with interest, on demand, to Henry Hallman, his heirs, executors, administrators, or assigns. December 31, 1845, Hallman being sick, gave Hobensack a power of attorney to collect his outstanding moneys, and placed in his hands the note against the Messrs. Sheetz. Hobensack called on them to pay it. They said Hallman had told them it was his wife's money, but as the note was payable to him on demand, they must pay it if insisted on. They said also it would be inconvenient then to raise the money. Hobensack told them it must be settled, but that he would, to accommodate them, advance the money for them, and take their note to himself at twelve months. This was done, and the note was delivered up to Mr. Sheetz, and destroyed. Testimony was given, that on the next day Hobensack paid Hallman the amount of principal and interest received from Messrs. Sheetz, in the presence of two witnesses, and took his receipt, which was attested by the witnesses. The money was put into Hallman's desk, which was locked, and the key handed to Hallman. Hobensack and the witnesses went away together. Not long after this Hallman died, and his widow brought this suit against *Hobensack*, to recover of *him* the $250 and interest. The defendant, on the trial, objected to the admission of any testimony, on the ground that the *narr.* and bill of particulars set forth no cause of action against him. That there was no privity between him and the plaintiff, and that a recovery by plaintiff in this suit would be no bar to an action against him for the same money by the administrator of Hallman. That the plaintiff must look to *Hallman's estate* for the money, and not to *him.*

These were the principal grounds of objection to the admission of the testimony contained in the first six bills of exception.

The plaintiff further offered evidence (which was received), of the replevin by Hallman against McAdams, and the proceedings under it.

The admission of this testimony (contained in the 7th bill of exceptions) was objected to on the ground of its irrelevancy.

[Hobensack *v.* Hallman.]

The defendant, to show that he had paid over to Hallman the money received of the Messrs. Sheetz, offered in evidence Hallman's receipt for the amount, after having proved by the subscribing witnesses its execution, and the payment of the money to Hallman at the time.

Plaintiff objected to the admission of the receipt, and the court sustained the objection.

The rejection of this receipt formed the subject of the eighth and ninth bills of exception.

It was alleged in the first count of the declaration that Ann Hallman, the plaintiff below, gave to Henry Hallman, her husband, $250 for her use, to be returned to her, &c., which he loaned to Wm. and Francis Sheetz as her money, and which the defendant demanded them to pay to him by virtue of a power of attorney from the said husband, and which they paid to him the said defendant as her money, and that the said defendant still retained the same, and refused to pay the same to her.

The second count was substantially the same as the first count, and averred that "the defendant collected and received the said $250 of and from the said Wm. and Francis Sheetz, and then and there converted the same to his own use," without any authority.

The third count was a general count for money had and received.

One question was, whether a sufficient cause of action was set out in the *narr.*

It was alleged in the bill of particulars, furnished on the part of plaintiff below, that there was a suit pending in the Court of Common Pleas of Montgomery county to May Term, 1842, No. 13, between Henry Hallman as plaintiff, and Robert McAdams as defendant. On the 2d day of April, 1842, or thereabouts, Ann Hallman, the plaintiff, gave to the said Henry Hallman $250, with directions to him to pay over the money to the said Robt. McAdams, and settle the said suit. Henry Hallman took and received the money, but declared that he would not apply it in the way the said Ann directed as aforesaid, but that he would hold and retain it for her, and would repay and refund it to her whenever called upon or required so to do. The said Henry Hallman afterwards, to wit, on or about the 26th day of May, 1847, died, without having repaid or refunded the said sum of money to the said plaintiff. The said Henry, in his lifetime, loaned the said sum of money to William H. and Francis S. Sheetz, and took their note under seal for the same. This note came into the possession of the defendant, as the agent or attorney in fact, for the said Henry Hallman; and after the decease of the said Henry, the defendant claimed the right to collect the said note, and to receive the amount from the said William H. and Francis S. Sheetz; and he did collect the said note, and receive payment for the same from the said William

[Hobensack *v.* Hallman.]

H. and Francis S. Sheetz.   As the said defendant had no right whatever to receive the money due upon the said note, or to take any other note or security in lieu thereof, and as the said money belonged to the said plaintiff, and to no one else, this action is brought to recover the amount, with interest, from the said defendant—and the foregoing are the particulars of the demand referred to in the third count of the declaration.

As to the payment of the money by Hobensack to Henry Hallman, the husband, Robert Barton testified that he signed his name as a subscribing witness to the receipt; that he saw Hallman sign the receipt, and saw the money mentioned in the receipt paid.

Rex, another witness, testified that he signed the receipt as a witness; that he saw Hallman (the husband) sign it, and saw the money paid.   The money was put into Hallman's drawer, in his desk.   It was three months before his death, &c.

Verdict was rendered for the plaintiff.

The defendant moved in arrest of judgment, on the ground that the declaration and bill of particulars set out no cause of action. The court overruled the motion, and directed judgment to be entered on the verdict.

It was specified for error, that the court erred,

1. In sustaining the action.

2. In admitting the evidence contained in the first six bills of exception.

3. In admitting the record and proceedings in the action of replevin.

4. In rejecting the receipt offered by defendant.

The case was argued by *Fox*, for plaintiff; *Boyd* and *Mulvany*, for defendants.   *Cadwalader*, for plaintiff, the court declined to hear.

The opinion of the court was delivered January 5, 1852, by

BLACK, C. J.—The receipt of Henry Hallman ought to have been admitted in evidence, for the following among other reasons:

1. The plaintiff below had authorized Hallman, her husband, to have the money until the contest with McAdams should be ended. That contest was not ended at the date of the receipt.   The defendant, in paying the money to Hallman, did but place it where the plaintiff, by the express terms of her contract, authorized it to be.   Under these circumstances his receipt was hers, and she was as much bound by it as if she had signed it herself.

2. Hobensack, in all that he had to do with the business, was the attorney of Henry Hallman.   He was bound to pay the money when he collected it to his principal, and was under no obligation,

[Hobensack *v.* Hallman.]

express or implied, to pay it to anybody else. Surely the receipt of the only person who had a right to demand payment of the debt ought to be a discharge to the debtor.

3. This was not only an acquittance by one who had a right to give an acquittance, but it was the written declaration of a person dead at the time of the trial, concerning a fact peculiarly within his own knowledge and against his interest.

The evidence offered on part of the plaintiff below was all properly admitted, though the defendant met it at every step with objections on the ground that it was irrelevant, and not sufficient, even if true, to sustain the action. All of it, however, tended to establish the very facts set out in the declaration. Where the facts averred in the *narr.* would not, if admitted, entitle the plaintiff to judgment, the defendant should demur. If he denies the truth of the allegations, he calls for the evidence, and must not object to it when it comes. The defendant in this case made an issue in fact, and yet complains that it was not determined like an issue in law.

Judgment reversed and *venire facias de novo* awarded.